

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-1045
Re: Penalty where part of
tax was tendered before delinquent.

On June 26, 1939, you asked this Department for an opinion as to whether or not the Tax Collector was correct in collecting a two per cent penalty on all of the taxes paid by the Texas & New Orleans Railroad Company on March 31, 1939, where the Railroad Company in January, 1939, had tendered an amount less than that which was later agreed to be correct and less than the amount actually paid in March, but more than the amount which had been demanded by the Tax Collector in January.

It is the opinion of this Department that the Tax Collector was correct in collecting the two per cent penalty on all the amount paid. The tender which was made in January was ineffective in that it was insufficient. See 40 Tex. Juris., page 845, Section 6, under "Tenders", "To be effectual tender must be made of the full amount due, and when the debtor is uncertain as to the amount, he must at his peril tender enough to cover the debt."

In the case of Stuard et ux v. Thompson, Tax Collector, 251 S. W. 277, decided by the Fort Worth Court of Civil Appeals, where the taxes assessed against J. B. Stuard and wife, including Mrs. Stuard's poll tax, amounted to $61.22 for the year 1921, on January 31, 1922, J. B. Stuard tendered to the Tax Collector the sum of $59.47, being the total amount of taxes assessed against J. B. Stuard and wife, less $1.75 that had been assessed against Mrs. Stuard as a poll tax. The Tax Collector refused to accept the amount so tendered, and issue a receipt therefor, without the payment of the poll tax assessed against Mrs. Stuard.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Upon such refusal the Stuards brought suit against the Tax Collector to obtain a writ of mandamus commanding the Tax Collector to receive the amount so tendered. The writ was denied and the decision of the trial court was affirmed. The Court held that under the statute the State Comptroller's regulations requiring Tax Collectors to refuse to accept taxes tendered without the poll tax on the tax payer's wife was a valid regulation. The Court in said case, speaking through Chief Justice Conner, said further:

"The facts here show without dispute under the Constitution and laws that the entire tax assessed against and due from the relators, J. B. Stuard and wife, was $1.75 more than the amount of taxes he tendered to the Collector, and it is a very familiar principal announced by numerous decisions in this State that a creditor is not bound to accept a sum less than that which is due from his debtor in full discharge of the debt, nor is a debtor under those decisions entitled to an acquitance upon a tender to his creditor or collecting agent of an amount less than is due from him."

In the case of State v. Fulmore, 71 S. W. 418, by the Court of Civil Appeals, but in which a petition for writ of error was denied by the Supreme Court, where the tax collector demanded an illegal tax in addition to the amount of taxes legally due, the Court said:

"....because a part may have been illegal did not relieve appellee from liability for that part of the taxes about which no objection could be urged on the grounds that the levy or assessments was invalid. In order to escape liability for the interest and penalties allowed by the statute, he should have tendered the amount of taxes legally due."

Of course, if the Texas & New Orleans Railroad Company had before February 1, 1939, tendered all of the amount due and the amount which it later paid, and had kept its tender good, it would not have been liable for the penalty. See: State v. Hoffman, 201 S. W. 653, by the Supreme Court of Texas; Ramey v. City of Tyler, 45 S. W. (2d) 359; First National Bank of Lampasas v. City of Lampasas, 78 S. W. 42; St. Louis Southwestern Ry. Co. of Texas v. Independent School District, 30 S. W. (2d) 703.

Honorable George H. Sheppard, Page 3

But it is equally true that when the tax payer tenders an amount in full payment of all his taxes, which amount is less than the amount of taxes which he owes, such tender is not effective and should not be considered in determining the amount of the penalty to be charged against him. This rule, in addition to being supported by the authorities, is a very reasonable and logical rule, the purpose of which is to prevent a tax payer from tendering an amount a little short of the total amount due, in the hope that it will be accepted in full payment, and with the knowledge that if it is not accepted, the penalty will be on the amount above the amount of the tender only; and in the event it is accepted as part payment, collection will probably not be made of the small balance. It is essential for the collection of taxes that the tax collector not be placed in this compromising position.

Hoping that this answers your question, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _D. D. Mahon_

D. D. Mahon
ASSISTANT

APPROVED JUL 22, 1939
DDM:AMM

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY I.D.R.
CHAIRMAN